# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Case No. 16-01336 (JPC) |
| TIMOTHY PLACE, NFP, ) | |
| ) | Chapter 11 |
| Debtor. ) | |
| ) | |
| ) | |
| In re: ) | |
| ) | Case No. 16-01337 (DRC) |
| CHRISTIAN HEALTHCARE FOUNDATION, ) | |
| NFP, ) | Chapter 11 |
| ) | |
| Debtor. ) | |
| ) | |

### DEBTORS' MOTION FOR ENTRY OF ORDER DIRECTING JOINT ADMINISTRATION OF RELATED CHAPTER 11 CASES

The above-captioned debtors and debtors in possession (collectively, the "Debtors") respectfully state as follows in support of this motion (this "Motion"):

### Relief Requested

1. By this Motion, the Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A**, directing joint administration of these chapter 11 cases. More specifically, the Debtors request entry of a notice, substantially similar to the following, on the docket of each of the Debtors to reflect the joint administration of these chapter 11 cases:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing the procedural consolidation and joint administration of the chapter 11 cases of Timothy Place, NFP and Christian Healthcare Foundation, NFP. All further pleadings and other papers shall be filed in, and all further docket entries shall be made in, Case No. 16-01336 (JPC).

{5906751:}

2. The Debtors also request that the Court maintain one file and one docket for each of the jointly-administered cases under the case of Timothy Place, NFP and that these chapter 11 cases be administered under a consolidated caption, as follows:

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| In re: | ) Chapter 11 |
|---|---|
| | ) |
| TIMOTHY PLACE, NFP, *et al.*,[1] | ) Case No. 16-01336 (JPC) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) |

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Timothy Place, NFP (5089) and Christian Healthcare Foundation, NFP (2359).

**Background, Jurisdiction, and Statutory Basis for Relief**

3. The Debtors own and operate Park Place Christian Community of Elmhurst, a continuing care retirement community. A detailed factual description of the Debtors' business and capital structure and the events leading to the filing of these chapter 11 cases are set forth in detail in the Declaration of William DeYoung in Support of the Chapter 11 Petitions and First Day Motions (the "DeYoung Declaration"), filed contemporaneously herewith and incorporated herein by reference.

4. These chapter 11 cases were filed to implement a balance sheet restructuring of the Debtors' funded debt obligations. Pursuant to a term sheet dated January 11, 2016, and a plan support agreement dated January 11, 2016 (the "Plan Support Agreement"), an ad hoc group of holders of the Debtors' currently outstanding bonds (the "Series 2010 Bonds") have agreed to

exchange their Series 2010 Bonds for new Series 2016 Bonds.[1] Because the Debtors have not obtained 100% consent to the exchange, the Plan Support Agreement contemplates filing of these bankruptcy cases, along with the Debtors' chapter 11 plan (the "Plan") and disclosure statement, on January 17, 2016 (the "Petition Date"), to consummate the exchange and restructuring transaction. To that end, the Plan Support Agreement contemplates the Debtors emerging from chapter 11 within three months of the Petition Date. Under the Plan, all of the Debtors' stakeholders are unimpaired other than the holders of the Series 2010 Bonds who will have to vote to accept the Plan by the requisite majorities under title 11 of the United States Code (the "Bankruptcy Code").

5. On the Petition Date, the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors are continuing in possession of their properties and are operating and managing their business, as Debtors in possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code.

6. No party has requested the appointment of a trustee or examiner in these chapter 11 cases, and no committees have been appointed or designated.

---

[1] The 2010 Bonds were issued in seven series: (a) the $109,115,000 Revenue Bonds (Park Place of Elmhurst Project) Series 2010A (the "Series 2010A Bonds"), (b) the $7,875,000 Revenue Bonds (Park Place of Elmhurst Project) Series 2010B (the "Series 2010B Bonds"), (c) $5,000,000 Revenue Bonds (Park Place of Elmhurst Project) (Accelerated Redemption Reset Option Securities (ARROS) Series 2010C (the "Series 2010C Bonds"), (d) $10,275,000 Revenue Bonds (Park Place of Elmhurst Project) (Tax-Exempt Mandatory Paydown Securities (TEMPS-75)) Series 2010D-1 (the "Series 2010D-1 Bonds"), (e) $15,350,000 Revenue Bonds (Park Place of Elmhurst Project) (Tax-Exempt Mandatory Paydown Securities (TEMPS-65)) Series 2010D-2 (the "Series 2010D-2 Bonds"); (f) $15,275,000 Revenue Bonds, Series 2010D-3 (the "Series 2010D-3 Bonds"), and (g) $12,650,000 Revenue Bond (Taxable Revenue), Series 2010E (the "Series 2010E Bonds"). As of the Petition Date, the outstanding principal amount owed on the Series 2010A Bonds is $109,115,000, the outstanding principal amount owed on the Series 2010B Bonds is $7,875,000, the outstanding principal amount owed on the Series 2010C Bonds is $5,000,000, the outstanding principal amount owed on the Series 2010D-1 Bonds is $10,275,000, and the outstanding principal amount owed on the Series 2010D-2 Bonds is $13,860,000. There are no obligations due and owing under the Series 2010D-3 Bonds and Series 2010E Bonds as both series of bonds were repaid in full on November 1, 2014 and February 1, 2013, respectively.

7. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157. Consideration of this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is appropriate pursuant to 28 U.S.C. §§ 1408 and 1409.

8. The statutory bases for the relief requested herein are section 101(2) of the Bankruptcy Code, Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 1015-1 of the Local Rules of the United States Bankruptcy Court for the Northern District of Illinois (the "Local Rules").

### Basis for Relief

9. Bankruptcy Rule 1015(b) provides for the procedural consolidation of cases involving two or more related debtors. Specifically, Bankruptcy Rule 1015(b) provides, in relevant part, that "[i]f … two or more petitions are pending in the same court by or against … a debtor and an affiliate, the court may order joint administration of the estates." Fed. R. Bankr. P. 1015(b). In additional Local Rule 1015-1 provides that "[t]wo or more cases are related if … the cases involve persons or entities that are affiliates as defined in section 101(2) of the Bankruptcy Code." Because Debtor Timothy Park, NFP is wholly owned by Debtor Christian Healthcare Foundation, NFP, the Debtors are affiliates within the meaning of the Bankruptcy Code. *See* 11 U.S.C. § 101(2)(A). Accordingly, the Debtors' cases are appropriate candidates for joint administration under Bankruptcy Rule 1015(b) and the Court is authorized to grant the relief requested herein.

10. As set forth in the DeYoung Declaration, given the integrated nature of the Debtors' operations, joint administration of these chapter 11 cases will provide significant administrative convenience. Most, if not all, of the motions, hearings, and orders that will arise in these chapter 11 cases will affect each of the Debtors. The entry of an order directing joint administration of these chapter 11 cases will reduce fees and costs by avoiding duplicable filings

and objections. Joint administration will also allow the Office of the United States Trustee for the Northern District of Illinois, the Court, and all parties in interest to monitor these chapter 11 cases with greater ease and efficiency.

11.     Moreover, joint administration will not adversely affect the Debtors' respective constituencies because this Motion requests only administrative, not substantive, consolidation of the estates. Thus, parties in interest will not be harmed by the relief requested, but instead, will benefit from the cost reductions from joint administration of these chapter 11 cases. Accordingly, the Debtors submit that the joint administration of these chapter 11 cases is in the best interests of their estates, their creditors, and all other parties in interest.

## Notice

12.     No trustee, examiner or official committee has been appointed in these chapter 11 cases. Notice of this Motion has been served on the following parties or, in lieu thereof, to their counsel, if known: (i) the United States Trustee for the Northern District of Illinois; (ii) the United States Attorney for the Northern District of Illinois; (iii) counsel for the 2010 Bond Trustee; (iv) the Debtors' secured creditors; (v) the Internal Revenue Service; (vi) the Illinois Department of Revenue; (vii) the United States Department of Health and Human Services; (viii) the Illinois Department of Human Services; (ix) the Illinois Finance Authority; (x) the Centers for Medicare and Medicaid Services; (xi) the Illinois Department of Financial and Professional Regulation; (xii) the Illinois Department of Public Health; (xiii) the holders of the twenty largest unsecured claims against the Debtors; and (xiv) those who have formally appeared and requested service in these proceedings pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice need be given.

**No Prior Request**

13. No prior request for the relief sought in the Motion has been made to this or any other Court.

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and granting such other and further relief as is just and proper.

January 17, 2016
Chicago, Illinois

Respectfully submitted,

/s/ David A. Agay
David A. Agay (ARDC No. 6244314)
Joshua A. Gadharf (ARDC No. 6296543)
McDONALD HOPKINS LLC
300 North LaSalle Street, Suite 2100
Chicago, Illinois 60654
Telephone:  (312) 280-0111
Facsimile:  (312) 280-8232
E-mail:  dagay@mcdonaldhopkins.com
         jgadharf@mcdonaldhopkins.com

-and-

Shawn M. Riley (*pro hac vice* pending)
Manju Gupta (*pro hac vice* pending)
McDONALD HOPKINS LLC
600 Superior Avenue, E., Suite 2100
Cleveland, OH 44114
Telephone:  (216) 348-5400
Facsimile:  (216) 348-5474
E-mail:  sriley@mcdonaldhopkins.com
         mgupta@mcdonaldhopkins.com

PROPOSED COUNSEL FOR DEBTORS
AND DEBTORS IN POSSESSION

{5906751:}                              6