# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| TIMOTHY PLACE, NFP, *et al.*,[1] | ) Case No. 16-01336 (JPC) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Hearing Date: June 2, 2016** |
| | ) **Hearing Time: 10:30 a.m. (Central)** |

**NOTICE OF HEARING ON FINAL FEE APPLICATION OF MCDONALD HOPKINS LLC, AS COUNSEL TO THE DEBTORS, FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE CLAIM FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES (JANUARY 17, 2016 THROUGH APRIL 1, 2016)**

**PLEASE TAKE NOTICE** that on **June 2, 2016 at 10:30 a.m. (prevailing Central Time)** or as soon thereafter as counsel may be heard, we shall appear before the Honorable Bankruptcy Judge Jacqueline P. Cox or any other judge who may be sitting in her place and stead, in Courtroom 680 in the United States Courthouse, 219 South Dearborn Street, Chicago, Illinois, and present the attached ***Final Fee Application of McDonald Hopkins LLC, as Counsel to the Debtors, for Allowance and Payment of Administrative Claim for Compensation and Reimbursement of Expenses (January 17, 2016 through April 1, 2016)*** (the "Final Fee Application").

**PLEASE TAKE FURTHER NOTICE**, that the Final Fee Application is on file with the Bankruptcy Court's Clerk's Office and may be examined during regular business hours. A copy of the Final Fee Application is also available, for free, on the Debtors' restructuring website at www.globic.com/timothyplace and, for a fee, at the Court's website at www.ilnb.uscourts.gov.

**PLEASE TAKE FURTHER NOTICE**, that McDonald Hopkins LLC requests of approval of the following:

|  |  |
|---|---|
| Total Compensation: | $133,101.50 |
| Total Expenses: | $7,289.87 |

.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Timothy Place, NFP (5089) and Christian Healthcare Foundation, NFP (2359).

April 29, 2016
Chicago, Illinois

Respectfully submitted,

/s/ David A. Agay
David A. Agay (ARDC No. 6244314)
Joshua A. Gadharf (ARDC No. 6296543)
McDONALD HOPKINS LLC
300 North LaSalle Street, Suite 2100
Chicago, Illinois 60654
Telephone:  (312) 280-0111
Facsimile:  (312) 280-8232
E-mail:  dagay@mcdonaldhopkins.com
        jgadharf@mcdonaldhopkins.com

-and-

Shawn M. Riley (admitted *pro hac vice*)
Manju Gupta (admitted *pro hac vice*)
McDONALD HOPKINS LLC
600 Superior Avenue, E., Suite 2100
Cleveland, OH 44114
Telephone:  (216) 348-5400
Facsimile:  (216) 348-5474
E-mail:  sriley@mcdonaldhopkins.com
        mgupta@mcdonaldhopkins.com

COUNSEL FOR DEBTORS
AND DEBTORS IN POSSESSION

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| TIMOTHY PLACE, NFP, *et al.*,[1] | ) Case No. 16-01336 (JPC) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Hearing Date: June 2, 2016** |
| | ) **Hearing Time: 10:30 a.m. (Central)** |

**COVER SHEET FOR FINAL FEE APPLICATION OF MCDONALD HOPKINS LLC, AS COUNSEL TO THE DEBTORS, FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE CLAIM FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES (JANUARY 17, 2016 THROUGH APRIL 1, 2016)**

| | |
|---|---|
| Name of Applicant: | McDonald Hopkins LLC |
| Name of Client: | The Debtors |
| This is a | ___ interim application   _x_ final application |
| Time Period Covered by this Application: | January 17, 2016 through April 1, 2016 |
| Total Compensation Sought this Period: | $133,101.50 |
| Total Expenses Sought in this Period: | $7,289.87 |
| Petition Date | January 17, 2016 |
| Retention Date | January 17, 2016 |
| Date of Order Approving Employment: | February 16, 2016, *nunc pro tunc* to January 17, 2016 [Dkt. No. 145] |
| Prior Interim Applications | None |
| Total Allowed Compensation Paid to Date: | $0.00 |
| Total Allowed Expenses Paid to Date: | $0.00 |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Timothy Place, NFP (5089) and Christian Healthcare Foundation, NFP (2359).

Blended Hourly Rate for All Attorneys:    $357.47

Blended Hourly Rate for All Timekeepers:    $355.41

Number of Professionals Included in this    7
Application:

Number of Professionals Billing Fewer    4
than 15 Hours to the Case During this Period:

### Cumulative Summary

| Period Covered | Hours | Fees Requested | Fees Paid | Expenses Requested | Expenses Paid | Unpaid Balance |
|---|---|---|---|---|---|---|
| 1/17/16 to 4/1/16 | 374.5 | $133,101.50 | $0.00 | $7,289.87 | $0.00 | $140,391.37 |

### McDonald Hopkins Attorneys Who Rendered Professional Services During the Fee Period

| Name | Position and Year Admitted | | Department | Hourly Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|---|---|
| David A. Agay | Member | 1998 | Business Restructuring and Bankruptcy | $545.00 | 50.7 | $27,631.50 |
| Maria Carr | Associate | 2014 | Business Restructuring and Bankruptcy | $250.00 | 0.4 | $100.00 |
| Joshua A. Gadharf | Associate | 2008 | Business Restructuring and Bankruptcy | $345.00 | 281.6 | $91,045.50 |
| Manju Gupta | Associate | 2003 | Business Restructuring and Bankruptcy | $330.00 | 29.6 | $8,481.00 |
| Morgan Mackovjak | Associate | 2015 | Business Counseling | $210.00 | 0.1 | $21.00 |
| Benjamin D. Panter | Member | 2006 | Executive Compensation and Governance | $500.00 | 2.9 | $1,450.00 |
| Shawn M. Riley | Member | 1986 | Business Restructuring and Bankruptcy | $695.00 | 5.5 | $3,822.50 |
| **Total for Attorneys:** | | | | | **370.8** | **$132,551.50** |
| **Blended Rate (Excluding Paraprofessional Time):** | | | | | | **$357.47** |

**McDonald Hopkins Paraprofessionals Who Rendered**
**Professional Services During the Fee Period**

| Name | Position | Department | Hourly Rate | Total Billed Hours | Total Compensation |
|------|----------|------------|-------------|--------------------|--------------------|
| Leslie Burrell | Paralegal | Litigation | $250.00 | 0.7 | $175.00 |
| Linda Piazza | Case Manager | Docketing | $125.00 | 3.0 | $375.00 |
| | | | **Total for Paraprofessionals** | **3.7** | **$550.00** |

| | |
|---|---|
| Total Hours Billed During Fee Period: | 374.50 |
| Total Fees Billed During Fee Period: | $133,101.50 |
| **Total Unpaid Fees:** | **$133,101.50** |

**Compensation by Subject Matter**

| Subject Matter Number | Subject Matter Description | Total Billed Hours | Total Fees Requested | Total Expenses Requested | Total Compensation |
|-----------------------|---------------------------|--------------------|----------------------|--------------------------|--------------------|
| 3 | Case Administration | 20.70 | $7,127.50 | $0.00 | $7,127.50 |
| 5 | Professional Retention & Fee Application | 16.50 | $7,099.00 | $0.00 | $7,099.00 |
| 6 | DIP Financing/Cash Collateral | 18.50 | $6,967.50 | $0.00 | $6,967.50 |
| 8 | Claims Resolution | 13.30 | $4,648.50 | $0.00 | $4,648.50 |
| 10 | Plan & Disclosure Statement | 156.30 | $60,255.50 | $0.00 | $60,255.50 |
| 13 | Creditor Communications | 19.10 | $7,400.50 | $29.25 | $7,429.75 |
| 15 | Hearings | 27.20 | $11,688.00 | $64.00 | $11,752.00 |
| 16 | Travel | 43.20 | $7,393.50 | $3,706.81 | $11,100.31 |
| 21 | Avoidance Action Analysis | 1.00 | $345.00 | $0.00 | $345.00 |
| 25 | First Day Matters | 45.10 | $15,522.50 | $3,489.81 | $19,412.31 |
| 26 | Schedules & SOFAs | 13.60 | $4,654.00 | $0.00 | $4,654.00 |
| | **Grand Total** | **374.50** | **$133,101.50** | **$7,289.87** | **$140,791.37** |

**Expense Summary**

| Service Description | Amount |
|---|---|
| Federal Express | $55.81 |
| Filing Fees | $3,434.00 |
| Mileage/Parking | $33.84 |
| Production of Documents | $29.25 |
| Travel | $3,554.97 |
| Transportation/Taxis | $182.00 |

Total Expenses Incurred During Fee Period:          **$7,289.87**

April 29, 2016                    Respectfully submitted,
Chicago, Illinois

                                 /s/ David A. Agay
                                 David A. Agay (ARDC No. 6244314)
                                 Joshua A. Gadharf (ARDC No. 6296543)
                                 McDONALD HOPKINS LLC
                                 300 North LaSalle Street, Suite 2100
                                 Chicago, Illinois 60654
                                 Telephone:  (312) 280-0111
                                 Facsimile:  (312) 280-8232
                                 E-mail:  dagay@mcdonaldhopkins.com
                                          jgadharf@mcdonaldhopkins.com

                                 -and-

                                 Shawn M. Riley (admitted *pro hac vice*)
                                 Manju Gupta (admitted *pro hac vice*)
                                 McDONALD HOPKINS LLC
                                 600 Superior Avenue, E., Suite 2100
                                 Cleveland, OH 44114
                                 Telephone:  (216) 348-5400
                                 Facsimile:   (216) 348-5474
                                 E-mail:  sriley@mcdonaldhopkins.com
                                          mgupta@mcdonaldhopkins.com

                                 COUNSEL FOR DEBTORS
                                 AND DEBTORS IN POSSESSION

{6059732:3}                      4

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| TIMOTHY PLACE, NFP, *et al.*,[1] | ) Case No. 16-01336 (JPC) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Hearing Date: June 2, 2016** |
| | ) **Hearing Time: 10:30 a.m. (Central)** |

**FINAL FEE APPLICATION OF MCDONALD HOPKINS LLC, AS COUNSEL TO THE
DEBTORS, FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE CLAIM FOR
COMPENSATION AND REIMBURSEMENT OF EXPENSES
(JANUARY 17, 2016 THROUGH APRIL 1, 2016)**

McDonald Hopkins LLC ("McDonald Hopkins"), counsel for the above-captioned

debtors and debtors in possession (the "Debtors"), hereby submits its final fee application (this

"Final Fee Application"), pursuant to which it seeks: (a) final allowance and approval of

compensation for professional services rendered to the Debtors in the amount of $133,101.50 for

the periods from January 17, 2016 through April 1, 2016 (the "Fee Period"); and (b) final

allowance and approval of the reimbursement of actual and necessary expenses in the amount of

$7,289.87 incurred by McDonald Hopkins in rendering services to the Debtors during the Fee

Period.   In support of this Final Fee Application, McDonald Hopkins respectfully states as

follows:

**I.      Introduction**

1.      The Debtors filed these chapter 11 cases with the intent to restructure their

balance sheet as quickly and efficiently as possible.   With the assistance of their professionals,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification
number, include: Timothy Place, NFP (5089) and Christian Healthcare Foundation, NFP (2359).

including McDonald Hopkins, the Debtors have accomplished just that. In less than three months, the Debtors confirmed a plan of reorganization with near unanimous support and consummated a bond exchange that restructured the Debtors' debt service obligations to facilitate the Debtors' long-term success. As described below, McDonald Hopkins, as the Debtors' bankruptcy counsel, played a critical role throughout the chapter 11 process ensuring that the Debtors achieved this milestone on time and in compliance with all of their obligations in the Plan Support Agreement[2] and related documents.

2.     Among its services and accomplishments in these chapter 11 case, McDonald Hopkins took a lead role in, among other things: (a) working closely with the Debtors and their other professionals in drafting, soliciting votes for, and obtaining confirmation of the Amended Plan, (b) drafting and obtaining approval of the *Debtors' Amended Disclosure Statement for Debtors' Amended Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* [Dkt. No. 148] (the "Amended Disclosure Statement"), (c) working closely with the Debtors and their other professionals to ensure the Debtors' smooth transition into and out of chapter 11, (d) negotiating interim and final cash collateral orders with the Debtors' secured creditors, (e) working closely with the Debtors' claims and noticing agent to ensure all parties in interest received proper and timely notices and Amended Plan-related materials while maintaining the confidentiality of the Debtors' residents personal information, and (f) working with the Debtors to ensure that their residents received the same care and service during the chapter 11 cases as they did prior to the chapter 11 cases.

---

[2] Capitalized but undefined terms shall have the meanings set forth in the *Debtors' Amended Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* [Dkt. No. 149] (the "Amended Plan").

3.      McDonald Hopkins now seeks final approval of its legal fees and expenses incurred during its representation of the Debtors, which representation has provided a tremendous benefit for the Debtors' estates as a whole.  McDonald Hopkins's fees came in well below the budget and staffing plan (the "Budget") approved of by the Debtors at the beginning of these chapter 11 cases, which budget is attached hereto as **Exhibit A**.   This is the first and final fee application that McDonald Hopkins has filed in these chapter 11 cases.

## II.      Jurisdiction and Venue

4.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

5.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

6.      The bases for the relief requested herein are section 330 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 5082-1 of the Local Rules for the United States Bankruptcy Court for the Northern District of Illinois (the "Local Rules").

## III.      Case Status

7.      On January 17, 2016 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

8.      Prior to the Effective Date (as defined below), the Debtors remained in possession of their assets and continued to operate their business as a debtors in possession in accordance with Bankruptcy Code §§ 1107 and 1108.  No party has requested the appointment of a trustee or examiner.  No official committee of unsecured creditors was appointed in these chapter 11 cases.

9.      On the Petition Date, the Debtors filed the *Debtors' Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* [Dkt. No. 9], which was amended and superseded by

the Amended Plan on February 18, 2016.  On the Petition Date, the Debtors also filed their

*Disclosure Statement for Debtors' Plan of Reorganization Under Chapter 11 of the Bankruptcy*

*Code* [Dkt. No. 8], which was amended and superseded by the Amended Disclosure Statement

on February 18, 2016.

10.     On March 29, 2016, the Court entered its Findings of Fact, Conclusions of Law,

and Order Confirming Debtors' Plan of Reorganization [Dkt. No. 177] (the "Confirmation

Order").  The Amended Plan went effective on April 1, 2016 (the "Effective Date").  (*See* Dkt.

No. 180.)

11.     On the Effective Date, pursuant to the Amended Plan and Confirmation Order, all

of the Debtors' asserts were transferred to the Reorganized Debtors.

12.     These chapter 11 cases will be closed shortly after resolution of this Final Fee

Application.

**IV.    Retention of McDonald Hopkins**

13.     On the Petition Date, the Debtors filed *Debtors' Application for Entry of Order*

*Authorizing and Approving Employment of McDonald Hopkins LLC as Counsel to Debtors,*

*Nunc Pro Tunc to the Petition Date* [Dkt. No. 24] (the "Retention Application").

14.     On February 16, 2016, this Court entered an order authorizing the Debtors'

retention of McDonald Hopkins [Dkt. No. 145] (the "Retention Order"), which authorized the

Debtors to retain McDonald Hopkins as their counsel, effective as of the Petition Date.

15.     Pursuant to the Retention Order, McDonald Hopkins was authorized to be

compensated from the Debtors' estates at its normal hourly rates and to be reimbursed from the

Debtors' estates for its actual and necessary out-of-pocket expenses incurred in connection with

its representation of the Debtors in accordance with the procedures set forth in the Bankruptcy

Code, the Bankruptcy Rules, the Local Rules, the applicable guidelines issued by the United States Trustee for the Northern District of Illinois, Eastern Division (the "U.S. Trustee Guidelines"), and any other applicable order or procedures issued by this Court.

16.     As disclosed in the *Declaration of David A. Agay* (the "Agay Declaration"), attached as Exhibit B to the Retention Application, McDonald Hopkins does not hold or represent an interest adverse to the Debtors or their estates and is a "disinterested person" as that term is defined in Bankruptcy Code § 101(14).

17.     As provided in the Agay Declaration, McDonald Hopkins may have in the past represented, may currently represent, and likely in the future will represent parties in interest in connection with matters unrelated to the Debtors and their chapter 11 cases.  Further, McDonald Hopkins disclosed its connections to parties in interest that it was been able to ascertain using its reasonable efforts.

18.     All of the services for which compensation is sought by McDonald Hopkins were rendered for or on behalf of the Debtors solely in connection with these chapter 11 cases.  There is no agreement or understanding between McDonald Hopkins and any other person for the sharing of compensation to be received for the services rendered in these chapter 11 cases.

## V.   Disclosure of Requested Compensation

19.     As part of this Final Fee Application, McDonald Hopkins requests aggregate compensation for the Fee Period of $133,101.50 as compensation for legal services provided to the Debtors and $7,289.87 for reimbursement of actual and necessary expenses, for a total request of $140,791.37.  McDonald Hopkins has not received any compensation to date for its services in these chapter 11 cases.

20.    The McDonald Hopkins attorneys and paraprofessionals who rendered professional services during the Fee Period are listed on **Exhibit B**.  The rates listed for each attorney and paraprofessional are McDonald Hopkins's standard hourly rates.  **Exhibit B** also identifies the individuals that rendered services and states the number of hours spent by each individual providing the services (in increments of one-tenth of an hour).  The professional services that McDonald Hopkins rendered during the Fee Period are grouped into numbered and titled categories of subject matters (each a "Subject Matter").

21.    McDonald Hopkins maintains computerized records of the time expended in the performance of the professional services required by the Debtors.  These records are maintained in the ordinary course of McDonald Hopkins's practice and were made contemporaneously with the rendition of services by the person performing such services.[3]

22.    McDonald Hopkins's hourly rates are set at a level designed to compensate McDonald Hopkins fairly for the work of its attorneys and paraprofessionals and to cover fixed and routine overhead expenses.  Hourly rates vary with the experience and seniority of the individuals assigned.  These hourly rates are subject to periodic adjustments to reflect economic and other conditions and are consistent with the rates charged elsewhere.

23.    The hourly rates and corresponding rate structure used by McDonald Hopkins in these chapter 11 cases are equivalent to the hourly rates and corresponding rate structure that McDonald Hopkins predominantly uses for restructuring, workout, bankruptcy, insolvency, and comparable matters, as well as similar complex corporate, securities, and litigation matters, whether in court or otherwise, and regardless of whether a fee application is required.

---

[3] For a detailed description of the services rendered and the expenses incurred by McDonald Hopkins in its representation of the Debtors, see McDonald Hopkins's invoices, attached hereto as **Exhibit C**.

24.     McDonald Hopkins did not agree to any variations from, or alternatives to, its standard or customary billing rates, fees, or terms for services pertaining to this engagement that were provided during the Fee Period.

25.     None of the professionals included in this Final Fee Application varied their hourly rate based on the geographic location of the chapter 11 cases.  This Final Fee Application does not include any rate increases since the Petition Date.

26.     This Final Fee Application does not include any time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices.

27.     As noted in the Budget, McDonald Hopkins anticipated utilizing the services of three members, two senior associates, and one junior associate during its retention.  As reflected herein, McDonald Hopkins utilized the services of three members, two senior associates, and two junior associates.  In total, the junior associates billed 0.5 hours, corresponding to $121.00 in fees.

28.     The fees sought in this Final Fee Application reflect an aggregate of 374.5 hours expended by McDonald Hopkins professionals and paraprofessionals during the Fee Period rendering necessary and beneficial legal services to the Debtors at a blended average hourly rate of $355.41 for both attorneys and paraprofessionals, or $357.47 for attorneys only.  The blended hourly rate billed for all McDonald Hopkins members was $556.75, the blended hourly rate billed for all McDonald Hopkins associates was $319.69, and the blended hourly rate billed for all McDonald Hopkins paralegals was $148.65.

29.     During the 12 month period ending March 31, 2016, the blended hourly rate billed for all non-Business Restructuring Group McDonald Hopkins attorneys was $379.13. During that period, the blended hourly rate billed for all non-Business Restructuring Group

McDonald Hopkins members was $440.98, the blended hourly rate billed for all non-Business Restructuring Group McDonald Hopkins associates was $262.71, and the blended hourly rate billed for all non-Business Restructuring Group McDonald Hopkins paralegals was $194.01. During that period, the blended hourly rate billed for all non-Business Restructuring Group McDonald Hopkins attorneys and paralegals was $356.18.

30.    During the 12 month period ending March 31, 2016, the blended hourly rate collected for all non-Business Restructuring Group McDonald Hopkins attorneys was $373.89. During that period, the blended hourly rate collected for all non-Business Restructuring Group McDonald Hopkins members was $439.19, the blended hourly rate collected for all non-Business Restructuring Group McDonald Hopkins associates was $254.81, and the blended hourly rate collected for all non-Business Restructuring Group McDonald Hopkins paralegals was $194.56.    During that period, the blended hourly rate collected for all non-Business Restructuring Group McDonald Hopkins attorneys and paralegals was $351.67.[4]

## VI.    <u>Requested Relief</u>

31.    By this Final Fee Application, McDonald Hopkins respectfully seeks the entry of an order: (a) allowing McDonald Hopkins an administrative claim in the amount of: (i) $133,101.50 as compensation for the reasonable and necessary legal services McDonald Hopkins rendered to the Debtors during the Fee Period, and (ii) $7,289.87 in reimbursement for

---

[4] McDonald Hopkins submits that the difference between its blended rate for its professionals who provided services to the Debtors during the Fee Period and the blended rates for non-Business Restructuring Group professionals is not due to any "bankruptcy premium" charged by McDonald Hopkins, but rather due to the seniority of the professionals who performed the majority of services for the Debtors during the Fee Period.  David A. Agay, the lead member on this matter who billed 86% of all member hours during the Fee Period, has 18 years of experience and a billing rate of $545/hour, which rate is commensurate with the market and Mr. Agay's experience.  Joshua A. Gadharf, the primary associate on this matter who billed 90% of all associate hours during the Fee Period, has eight years of experience and a billing rate of $345/hour, which rate is commensurate with the market and Mr. Gadharf's experience.

the actual and necessary expenses that McDonald Hopkins incurred during the Fee Period, for a total allowance of $140,791.37 and (b) authorizing and directing the Reorganized Debtors to immediately pay McDonald Hopkins its unpaid fees and expenses in the amount of $140,791.37.

## VII.   Summary of Services Rendered

32.     During the Fee Period, McDonald Hopkins rendered professional services to the Debtors as requested and as necessary and appropriate in furtherance of the interests of the Debtors' estates.   The variety and complexity of the issues in these chapter 11 cases, and the need to act or respond to such issues on an expedited basis in furtherance of the Debtors' needs, have required the expenditure of substantial time and effort by McDonald Hopkins personnel on an as-needed basis.

33.     In accordance with the factors enumerated in section 330 of the Bankruptcy Code, allowance of the fees McDonald Hopkins requests is fair and reasonable given: (a) the complexity of these chapter 11 cases; (b) the time expended; (c) the nature and extent of the services rendered; (d) the value of such services; and (e) the costs of comparable services other than in a case under the Bankruptcy Code.

34.     In staffing these chapter 11 cases, in budgeting and incurring charges and disbursements, and in preparing and submitting this Final Fee Application, McDonald Hopkins has been mindful of the need to be efficient while providing full, adequate, and zealous representation of the Debtors.   Specifically, with respect to professional services rendered, McDonald Hopkins has ensured that all attorneys have only billed time for work which corresponds to that attorney's skill level.   In addition, McDonald Hopkins has reviewed all time entries to ensure that multiple unrelated time entries are not lumped together or "blocked."

35.    McDonald Hopkins has also endeavored to maintain accurate and detailed accounts of all actual and necessary expenses and that each expense is billed to the Subject Matter to which the person is billing his/her time for services rendered.

36.    The following summary of services rendered during the Fee Period is not intended to be a detailed description of the work performed, as those day-to-day services and the time expended in performing such services are fully set forth in **Exhibit C**.  Rather, it is merely an attempt to highlight certain of those areas in which servicers were rendered to the Debtors, as well as to identify some of the problems and issues that McDonald Hopkins was required to address during the Fee Period.

37.    <u>Matter 3 – Case Administration</u>

(Fees: $7,127.50; Hours: 20.7)

This Subject Matter includes time spent on a variety of administrative tasks necessary to properly represent the Debtors.  These tasks included, among other things, preparing monthly operating reports, the Debtors' self-report regarding resident care, case calendars, pleadings charts, task lists and working group lists, and attending to general case diligence, including frequent communications with the U.S. Trustee.   A summary of the attorneys and paraprofessionals who provided services in this category is as follows:

| Attorney or Paraprofessional | Hours | Fees |
|---|---|---|
| David A. Agay | 0.8 | $436.00 |
| Joshua A. Gadharf | 16.0 | $5,520.00 |
| Shawn M. Riley | 1.2 | $834.00 |
| Linda Piazza | 2.7 | $337.50 |
| **TOTAL** | **20.7** | **$7,127.50** |

38.    Matter 5 – Professional Retention & Fee Application

(Fees: $7,099.00; Hours: 16.5)

This Subject Matter describes time spent by McDonald Hopkins preparing and filing the Retention Application, the retention application of North Shores Consulting Inc., the Debtors' financial advisor, and attending to issues relating to obtaining entry of orders authorizing the retention and employment of the Debtors' professionals.   A summary of the attorneys and paraprofessionals who provided services in this category is as follows:

| Attorney or Paraprofessional | Hours | Fees |
|---|---|---|
| David A. Agay | 4.5 | $2,452.50 |
| Joshua A. Gadharf | 5.6 | $1,932.00 |
| Manju Gupta | 3.2 | $1,056.00 |
| Benjamin D. Panter | 2.9 | $1,450.00 |
| Shawn M. Riley | 0.3 | $208.50 |
| **TOTAL** | **16.5** | **$7,099.00** |

39.    Matter 6 – DIP Financing/Cash Collateral

(Fees: $6,967.50; Hours: 18.5)

On the Petition Date, the Debtors filed Debtors' Motion for Interim and Final Orders Authorizing Use of Cash Collateral and Providing Adequate Protection to the Bond Trustee [Dkt. No. 10] (the "Cash Collateral Motion").  The Court entered an interim order granting on the Cash Collateral Motion on January 20, 2016 [Dkt. No. 88] and entered a final order granting the Cash Collateral Motion on February 16, 2016 [Dkt. No. 136].   This Subject Matter describes time spent by McDonald Hopkins negotiating interim and final cash collateral orders with the Bond Trustee and reviewing, analyzing, and serving weekly budget-to-actual reports on the Bond Trustee.   A summary of the attorneys and paraprofessionals who provided services in this category is as follows:

| Attorney or Paraprofessional | Hours | Fees |
|---|---|---|
| David A. Agay | 2.4 | $1,308.00 |
| Joshua A. Gadharf | 15.8 | $5,451.00 |
| Shawn M. Riley | 0.3 | $208.50 |
| **TOTAL** | **18.5** | **$6,967.50** |

40.     Matter 8 – Claims Resolution

(Fees: $4,648.50; Hours: 13.3)

This Subject Matter describes time spent by McDonald Hopkins drafting and obtaining

approval of the bar date motion [Dkt. No. 147] and reviewing and analyzing the proofs of claim

filed in these chapter 11 cases.  A summary of the attorneys and paraprofessionals who provided

services in this category is as follows:

| Attorney or Paraprofessional | Hours | Fees |
|---|---|---|
| David A. Agay | 0.3 | 163.50 |
| Joshua A. Gadharf | 13.0 | $4,485.00 |
| **TOTAL** | **13.3** | **$4,648.50** |

41.     Matter 10 – Plan and Disclosure Statement

(Fees: $60,255.50; Hours: 156.3)

This Subject Matter describes time spent by McDonald Hopkins drafting, filing, and

obtaining approval of the Disclosure Statement and confirmation of the Amended Plan.  The

Debtors' successfully completed the plan solicitation and confirmation process in less than three

months and eventually received confirmation on March 29, 2016.

In advance of the confirmation hearing, McDonald Hopkins drafted and filed a detailed

memorandum of law in support of plan confirmation [Dkt. No. 171], which memorandum

facilitated a speedy confirmation hearing.  On March 25, 2016, the Debtors filed the Ballot

Report [Dkt. No. 170], which reflected near unanimous support for the Amended Plan by all

creditors entitled to vote.  This Court entered the Confirmation Order on March 29, 2016 [Dkt.

No. 173].  The Amended Plan went effective on April 1, 2016.  A summary of the attorneys and paraprofessionals who provided services in this category is as follows:

| Attorney or Paraprofessional | Hours | Fees |
|---|---|---|
| David A. Agay | 26.5 | $14,442.50 |
| Joshua A. Gadharf | 125.6 | $43,332.00 |
| Manju Gupta | 1.2 | $396.00 |
| Shawn M. Riley | 3.0 | $2,085.00 |
| TOTAL | 156.3 | $60,255.50 |

42.    Matter 13 – Creditor Communications

(Fees: $7,400.50; Hours: 19.1)

This Subject Matter includes time spent responding to inquiries from individual creditors and their counsel regarding the bankruptcy case, the Amended Plan, and the related claims adjudication process.  A large majority of these inquiries came from current and former of the Debtors' residents and/or their family members.   A summary of the attorneys and paraprofessionals who provided services in this category is as follows:

| Attorney or Paraprofessional | Hours | Fees |
|---|---|---|
| David A. Agay | 4.1 | $2,234.50 |
| Joshua A. Gadharf | 14.4 | $4,968.00 |
| Manju Gupta | 0.6 | $198.00 |
| TOTAL | 19.1 | $7,400.50 |

43.    Matter 15 – Hearings

(Fees: $11,688.00; Hours: 27.2)

This Subject Matter includes time spent during the Fee Period preparing for and attending hearings in these chapter 11 cases.  In preparing for the hearings, McDonald Hopkins reviewed all applicable motions and applications filed with the Court, including any responses thereto, worked with the U.S. Trustee to address any of its concerns, assisted the Debtors and their advisors in analyzing the same, and then presented, as needed, the Debtors' position at such

hearings. A summary of the attorneys and paraprofessionals who provided services in this category is as follows:

| Attorney or Paraprofessional | Hours | Fees |
|---|---|---|
| David A. Agay | 11.7 | $6,376.50 |
| Joshua A. Gadharf | 13.1 | $4,519.50 |
| Manju Gupta | 2.4 | $792.00 |
| **TOTAL** | **27.2** | **11,688.00** |

44.    Matter 16 – Travel

(Fees: $7,393.50; Hours: 43.2)

This Subject Matter includes time spent traveling while representing the Debtors during these chapter 11 cases. The amounts presented for review and payment in this Final Fee Application reflect a voluntary reduction of one-half of the charges for non-working travel time. A summary of the attorneys and paraprofessionals who provided services in this category is as follows:

| Attorney or Paraprofessional | Hours | Fees |
|---|---|---|
| Joshua A. Gadharf | 35.4 | $6,106.50 |
| Manju Gupta | 7.8 | $1,287.00 |
| **TOTAL** | **43.2** | **$7,393.50** |

45.    Matter 21 – Avoidance Action Analysis

(Fees: $345.00 Hours: 1.0)

This Subject Matter includes time spent responding to a creditor's request for the Debtors' waiver of a potential preference claim and analyzing the effect of such proposed waiver. A summary of the attorneys and paraprofessionals who provided services in this category is as follows:

| Attorney or Paraprofessional | Hours | Fees |
|---|---|---|
| Joshua A. Gadharf | 1.0 | $345.00 |
| **TOTAL** | **1.0** | **$345.00** |

46.    <u>Matter 25 – First Day Matters</u>

(Fees: $15,522.50; Hours: 45.1)

This Subject Matter includes time spent drafting, filing, and presenting the Debtors' first day motions and obtaining entry of orders granting such motions.  A summary of the attorneys and paraprofessionals who provided services in this category is as follows:

| Attorney or Paraprofessional | Hours | Fees |
|---|---|---|
| David A. Agay | 0.4 | $218.00 |
| Joshua A. Gadharf | 28.5 | $9,832.50 |
| Manju Gupta | 14.4 | $4,752.00 |
| Morgan Mackovjak | 0.1 | $21.00 |
| Shawn M. Riley | 0.7 | $486.50 |
| Leslie Burrell | 0.7 | $175.00 |
| Linda Piazza | 0.3 | $37.50 |
| **TOTAL** | **45.1** | **15,522.50** |

47.    <u>Matter 26 – Schedules and SOFAs</u>

(Fees: $4,654.00; Hours: 13.6)

This Subject Matter includes time spent preparing and filing the Debtors' Schedules [Dkt Nos. 114, 115, 117, and 118] and Statements of Financial Affairs [Dkt. Nos. 116 and 119].  A summary of the attorneys and paraprofessionals who provided services in this category is as follows:

| Attorney or Paraprofessional | Hours | Fees |
|---|---|---|
| Maria Carr | 0.4 | $100.00 |
| Joshua A. Gadharf | 13.2 | $4,554.00 |
| **TOTAL** | **13.6** | **$4,654.00** |

## VIII.  Actual and Necessary Expenses

48.    It is McDonald Hopkins's policy to charge its clients in all areas of practice for identifiable, non-overhead expenses incurred in connection with the client's case that would not have been incurred except for representation of that particular client.   It is also McDonald Hopkins's policy to charge its clients only the amount actually incurred by McDonald Hopkins in connection with such items.   Examples of such expenses are overnight mail, filing fees, mileage, parking, document production, transportation, airfare, meals, and lodging.  With respect to airfare expenses, all travel, by all individuals, is billed at the coach class rate.

49.    A summary of expenses by type appears on **Exhibit D**, as well as a detailed itemization and description made by McDonald Hopkins on the Debtors' behalf during the Fee Period are included in the invoice attached as **Exhibit C**.  These disbursements are grouped into the same numbered and titled categories of the Subject Matters as the fees are grouped.  All of these disbursements comprise the requested sum for McDonald Hopkins's out-of-pocket expenses, totaling $7,289.87.

## IX.   McDonald Hopkins's Requested Compensation and Reimbursement Should Be Allowed

50.    The professional services rendered by McDonald Hopkins required a high degree of professional competence and expertise so that the numerous issues requiring evaluation and determination by the Debtors could be addressed with skill and dispatch and have, therefore, required the expenditure of substantial time and effort.  McDonald Hopkins respectfully submits that the services rendered to the Debtors were performed efficiently, effectively, and economically, and the results benefited not only the Debtors, but also all parties in interest in these chapter 11 cases.

51.     Bankruptcy Rule 2016(a) provides that a professional seeking final compensation for services or reimbursement of necessary expenses must file "an application setting forth a detailed description of (1) the services rendered, time expended and expenses incurred and (2) the amounts requested." Fed. R. Bankr. P. 2016(a).  In addition, Local Rule 5082-1 provides that an application for final compensation for services performed and reimbursement of expenses incurred by a professional must include a narrative summary and a detailed statement of the applicant's services for which compensation is sought.   Under Local Rule 5082-1(C), an applicant's detailed time records may constitute the detailed statement required by Bankruptcy Rule 2016(a).  This Final Fee Application and its corresponding exhibits provide a narrative and a detailed statement of the services rendered, the time expended by each billing attorney and paraprofessional, the expenses incurred, and the amounts requested by McDonald Hopkins. Accordingly, McDonald Hopkins's Final Fee Application meets the statutory requirements under Bankruptcy Rule 2016(a) and Local Rule 5082-1.

52.     With respect to the level of compensation, section 330 of the Bankruptcy Code provides, in pertinent part, that the Court may award to a professional person "reasonable compensation for actual, necessary servicers rendered … ."  11 U.S.C. § 330(a)(1).  Further, section 330(a)(3) of the Bankruptcy Code provides that:

> In determining the amount of reasonable compensation to be awarded to ... [a] professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including:
>
> (A) the time spent on such services;
>
> (B) the rates charged for such services;
>
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

(D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

... and

(F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).  The clear Congressional intent and policy expressed in this statute is to provide for adequate compensation in order to continue to attract qualified and competent bankruptcy practitioners to bankruptcy cases.

53.     McDonald Hopkins respectfully submits that the professional services it provided to the Debtors during the Fee Period were actual and necessary and that the requested compensation represents a fair and reasonable amount that should be allowed in full.  As an initial matter, the complexities of these chapter 11 cases required substantial outlays of time and effort by McDonald Hopkins attorneys and paraprofessionals performing an array of services in connection with McDonald Hopkins's representation of the Debtors.

54.     The professional services provided by McDonald Hopkins were performed by attorneys and paraprofessionals with broad expertise and high levels of skill in their practice area or specialty.   Additionally, McDonald Hopkins addressed all bankruptcy-related issues and performed each task as efficiently as possible given the time constraints and expedited nature of these chapter 11 cases.  Whenever possible, McDonald Hopkins conscientiously attempted to avoid having multiple attorneys appear or confer on behalf of the Debtors.   In certain circumstances, however, it was necessary for more than one McDonald Hopkins attorney to appear in Court at the same time.  Similarly, on certain occasions, McDonald Hopkins had more than one attorney attend a meeting or strategize on issues that had particular import on the

matters McDonald Hopkins handled for the Debtors. To the greatest extent possible, meetings, court appearances, negotiations and other matters were handled on an individual basis.

55.    Lastly, McDonald Hopkins's rate structure was disclosed in the Retention Application and approved by the Court in the Retention Order. The rates McDonald Hopkins charged in these chapter 11 cases were consistent with the rates McDonald Hopkins charges to other clients in non-bankruptcy matters and are consistent with the rates of similarly situated firms. The compensation McDonald Hopkins seeks is also customary and reasonable based upon customary compensation charged by comparably skilled practitioners outside of chapter 11.

56.    With respect to expenses, this Final Fee Application contains a detailed list of expenses including the date, the type, and the amount. Further, McDonald Hopkins does not seek reimbursement for overhead expenses because they are built into McDonald Hopkins's hourly rate.

57.    In summary, considering the complex issues involved in these chapter 11 cases and the value provided by McDonald Hopkins's services to the Debtors and the Debtors' estates as a whole, this Final Fee Application meets each of the statutory requirements of section 330 of the Bankruptcy Code and substantially complies in all respects with the procedures set forth in the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the U.S. Trustee Guidelines.

**X.    Notice**

58.    This Final Fee Application has been served on the following parties or, in lieu thereof, to their counsel, if known: (i) the United States Trustee for the Northern District of Illinois; (ii) the United States Attorney for the Northern District of Illinois; (iii) counsel for the 2010 Bond Trustee; (iv) the Debtors' secured creditors; (v) the Internal Revenue Service; (vi) the Illinois Department of Revenue; (vii) the United States Department of Health and Human

Services; (viii) the Illinois Department of Human Services; (ix) the Illinois Finance Authority;

(x) the Centers for Medicare and Medicaid Services; (xi) the Illinois Department of Financial and

Professional Regulation; (xii) the Illinois Department of Public Health; (xiii) the holders of the

twenty largest unsecured claims against the Debtors; and (xiv) those who have formally appeared

and requested service in these proceedings pursuant to Bankruptcy Rule 2002.  Notice of the

hearing on this Final Fee Application has been served on all creditors as required by Bankruptcy

Rule 2002.  In light of the nature of the relief requested herein, the North Shores submits that no

other or further notice need be given.

**XI.**   **No Prior Request**

59.   No prior request for the relief sought in this Final Fee Application has been made

to this or any other court.


WHEREFORE, McDonald Hopkins respectfully requests that the Court enter an order,

substantially in the form attached hereto: (a) allowing and awarding compensation for

professional services rendered during the Fee Period in the amount of $133,101.50 and for

reimbursement of all actual and necessary expenses incurring by McDonald Hopkins during the

Fee Period in the amount of $7,289.87; (b) authorizing and directing the Reorganized Debtors to

immediately pay McDonald Hopkins the amount of $140,791.37; and (c) granting such further

relief as is just and proper.


April 29, 2016                              Respectfully submitted,
Chicago, Illinois

                                            /s/ David A. Agay
                                            David A. Agay (ARDC No. 6244314)
                                            Joshua A. Gadharf (ARDC No. 6296543)
                                            McDONALD HOPKINS LLC
                                            300 North LaSalle Street, Suite 2100

{6059732:3}                          20

Chicago, Illinois 60654
Telephone:  (312) 280-0111
Facsimile:  (312) 280-8232
E-mail:  dagay@mcdonaldhopkins.com
         jgadharf@mcdonaldhopkins.com

-and-

Shawn M. Riley (admitted *pro hac vice*)
Manju Gupta (admitted *pro hac vice*)
McDONALD HOPKINS LLC
600 Superior Avenue, E., Suite 2100
Cleveland, OH 44114
Telephone:  (216) 348-5400
Facsimile:   (216) 348-5474
E-mail:  sriley@mcdonaldhopkins.com
         mgupta@mcdonaldhopkins.com

COUNSEL FOR DEBTORS
AND DEBTORS IN POSSESSION

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that a true and correct copy of this final fee application was served upon the parties listed on the service list set forth below via ECF, on April 29, 2016.

Dated:  April 29, 2016                              /s/  David A. Agay

## SERVICE LIST

The following is the list of parties who are currently on the list to receive email notice/service for this case:

- David A Agay – dagay@mcdonaldhopkins.com, mbrady@mcdonaldhopkins.com; mgupta@mcdonaldhopkins.com; bkfilings@mcdonaldhopkins.com
- Thomas V Askounis – taskounis@askounisdarcy.com
- Daniel S. Bleck – dbleck@mintz.com
- Jeffrey C Dan – jdan@craneheyman.com, gbalderas@craneheyman.com; dwelch@craneheyman.com; jmunoz@craneheyman.com
- Joshua A Gadharf – jgadharf@mcdonaldhopkins.com, mhdocket@mcdonaldhopkins.com
- Allison E Kahrnoff – akahrnoff@askounisdarcy.com
- Patrick S Layng – USTPRegion11.ES.ECF@usdoj.gov
- Michael W Ott – mott@schiffhardin.com, dgordon@schiffhardin.com
- Brian P Welch – bwelch@craneheyman.com, gbalderas@craneheyman.com
- David K Welch – dwelch@craneheyman.com, gbalderas@craneheyman.com; jdan@craneheyman.com