**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| TIMOTHY PLACE, NFP, *et al.*,[1] | ) Case No. 16-01336 (JPC) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) Hearing Date: June 2, 2016 |
| | ) Hearing Time: 10:30 a.m. (Central) |

**NOTICE OF HEARING ON FINAL FEE APPLICATION OF NORTH SHORES CONSULTING INC., AS FINANCIAL ADVISOR TO THE DEBTORS, FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE CLAIM FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES (JANUARY 17, 2016 THROUGH APRIL 1, 2016)**

**PLEASE TAKE NOTICE** that on **June 2, 2016 at 10:30 a.m. (prevailing Central Time)** or as soon thereafter as counsel may be heard, we shall appear before the Honorable Bankruptcy Judge Jacqueline P. Cox or any other judge who may be sitting in her place and stead, in Courtroom 680 in the United States Courthouse, 219 South Dearborn Street, Chicago, Illinois, and present the attached *Final Fee Application of North Shores Consulting, Inc., as Financial Advisor to the Debtors, for Allowance and Payment of Administrative Claim for Compensation and Reimbursement of Expenses (January 17, 2016 through April 1, 2016)* (the "Final Fee Application").

**PLEASE TAKE FURTHER NOTICE**, that the Final Fee Application is on file with the Bankruptcy Court's Clerk's Office and may be examined during regular business hours. A copy of the Final Fee Application is also available, for free, on the Debtors' restructuring website at www.globic.com/timothyplace and, for a fee, at the Court's website at www.ilnb.uscourts.gov.

**PLEASE TAKE FURTHER NOTICE**, that North Shores Consulting Inc. requests of approval of the following:

| | |
|---|---|
| Total Compensation: | $49,350.00 |
| Total Expenses: | $3,107.43 |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Timothy Place, NFP (5089) and Christian Healthcare Foundation, NFP (2359).

{6091341:}

April 29, 2016  
Chicago, Illinois

Respectfully submitted,

/s/ David A. Agay  
David A. Agay (ARDC No. 6244314)  
Joshua A. Gadharf (ARDC No. 6296543)  
McDONALD HOPKINS LLC  
300 North LaSalle Street, Suite 2100  
Chicago, Illinois 60654  
Telephone: (312) 280-0111  
Facsimile: (312) 280-8232  
E-mail: dagay@mcdonaldhopkins.com  
jgadharf@mcdonaldhopkins.com

-and-

Shawn M. Riley (admitted *pro hac vice*)  
Manju Gupta (admitted *pro hac vice*)  
McDONALD HOPKINS LLC  
600 Superior Avenue, E., Suite 2100  
Cleveland, OH 44114  
Telephone: (216) 348-5400  
Facsimile: (216) 348-5474  
E-mail: sriley@mcdonaldhopkins.com  
mgupta@mcdonaldhopkins.com

COUNSEL FOR DEBTORS  
AND DEBTORS IN POSSESSION

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| TIMOTHY PLACE, NFP, *et al.*,[1] | ) Case No. 16-01336 (JPC) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Hearing Date: June 2, 2016** |
| | ) **Hearing Time: 10:30 a.m. (Central)** |

**COVER SHEET FOR FINAL FEE APPLICATION OF NORTH
SHORES CONSULTING INC., AS FINANCIAL ADVISOR TO THE DEBTORS,
FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE CLAIM
FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES
(JANUARY 17, 2016 THROUGH APRIL 1, 2016)**

| | |
|---|---|
| Name of Applicant: | North Shores Consulting Inc. |
| Name of Client: | The Debtors |
| This is a | ___ interim application    _x_ final application |
| Time Period Covered by this Application: | January 17, 2016 through April 1, 2016 |
| Total Compensation Sought this Period: | $49,350.00 |
| Total Expenses Sought in this Period: | $3,107.43 |
| Petition Date | January 17, 2016 |
| Retention Date | January 17, 2016 |
| Date of Order Approving Employment: | March 29, 2016, *nunc pro tunc* to January 17, 2016 [Dkt. No. 178] |
| Prior Interim Applications | None |
| Total Allowed Compensation Paid to Date: | $0.00 |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Timothy Place, NFP (5089) and Christian Healthcare Foundation, NFP (2359).

{6091341:}

Total Allowed Expenses Paid to Date:     $0.00

Blended Hourly Rate for All Timekeepers:     $375.00

Number of Professionals Included in this Application: 1

Number of Professionals Billing Fewer than 15 Hours to the Case During this Period: 0

## Cumulative Summary

| Period Covered | Hours | Fees Requested | Fees Paid | Expenses Requested | Expenses Paid | Retainer | Unpaid Balance |
|---|---|---|---|---|---|---|---|
| 1/17/16 to 4/1/16 | 147.95 | $49,350.00 | $0.00 | $3,107.43 | $0.00 | $6,812.50 | $45,644.93 |

## North Shores Consulting Professionals Who Rendered Professional Services During the Fee Period

| Name | Position | Hourly Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Thomas L. Brod | Principal | $375.00 | 147.95 | $49,350.00 |
| | | Total: | 147.95 | $49,350.00 |
| | | Blended Rate: | | $375.00 |
| | | Total Unpaid Fees: | | $49,350.00 |

## Compensation by Subject Matter

| Subject Matter Description | Total Billed Hours | Total Fees Requested |
|---|---|---|
| Illinois Finance Authority | 22.70 | $8,512.50 |
| Tax-Exempt Bonds | 67.75 | $25,406.25 |
| Plan/Disclosure Statement | 5.10 | $1,912.50 |
| Cash Collateral | 15.10 | $5,662.50 |
| Professional Retention | 4.60 | $1,725.00 |
| Business Travel | 32.70 | $6,131.25 |
| Grand Total | 147.95 | $49,350.00 |

{6091341:}                                  2

## Expense Summary

| Service Description | Amount |
|---|---|
| Mileage | $19.44 |
| Cabfare | $482.24 |
| Airfare | $2,246.00 |
| Meals | $162.93 |
| Hotel | $196.82 |

Total Expenses Incurred During Fee Period:       **$3,107.43**

April 29, 2016
Chicago, Illinois

Respectfully submitted,

By: _/s/ Thomas L. Brod_
Thomas L. Brod
NORTH SHORES CONSULTING INC.
282 E. Sycamore Street
Columbus, Ohio 43206
Telephone: (443) 745-0687
E-mail: tbrod@northshoresconsulting.com

FINANCIAL ADVISOR FOR DEBTORS
AND DEBTORS IN POSSESSION

{6091341:}                          3

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| TIMOTHY PLACE, NFP, *et al.*,[1] | ) Case No. 16-01336 (JPC) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Hearing Date: June 2, 2016** |
| | ) **Hearing Time: 10:30 a.m. (Central)** |

**FINAL FEE APPLICATION OF NORTH SHORES CONSULTING INC., AS FINANCIAL ADVISOR TO THE DEBTORS, FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE CLAIM FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES (JANUARY 17, 2016 THROUGH APRIL 1, 2016)**

North Shores Consulting Inc. ("North Shores"), financial advisor for the above-captioned debtors and debtors in possession (the "Debtors"), hereby submits its final fee application (this "Final Fee Application"), pursuant to which it seeks: (a) final allowance and approval of compensation for professional services rendered to the Debtors in the amount of $49,350.00 for the periods from January 17, 2016 through April 1, 2016 (the "Fee Period"); and (b) final allowance and approval of the reimbursement of actual and necessary expenses in the amount of $3,107.43 incurred by North Shores in rendering services to the Debtors during the Fee Period. In support of this Final Fee Application, North Shores respectfully states as follows:

**I.    Jurisdiction and Venue**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Timothy Place, NFP (5089) and Christian Healthcare Foundation, NFP (2359).

{6091341:}

3.  The bases for the relief requested herein are section 330 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 5082-1 of the Local Rules for the United States Bankruptcy Court for the Northern District of Illinois (the "Local Rules").

## II.  Background

4.  On January 17, 2016 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

5.  Prior to the Effective Date (as defined below), the Debtors remained in possession of their assets and continued to operate their business as a debtors in possession in accordance with Bankruptcy Code §§ 1107 and 1108. No party has requested the appointment of a trustee or examiner. No official committee of unsecured creditors was appointed in these chapter 11 cases.

6.  On the Petition Date, the Debtors filed the *Debtors' Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* [Dkt. No. 9], which was amended and superseded by *Debtors' Amended Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* [Dkt. No. 149] (the "Amended Plan") on February 18, 2016. On the Petition Date, the Debtors also filed their *Disclosure Statement for Debtors' Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* [Dkt. No. 8], which was amended and superseded by *Debtors' Amended Disclosure Statement for Debtors' Amended Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* [Dkt. No. 148] (the "Amended Disclosure Statement") on February 18, 2016.

7.  On March 29, 2016, the Court entered its Findings of Fact, Conclusions of Law, and Order Confirming Debtors' Plan of Reorganization [Dkt. No. 177] (the "Confirmation Order"). The Amended Plan went effective on April 1, 2016 (the "Effective Date"). (*See* Dkt. No. 180.)

{6091341:}                                                    2

8. On the Effective Date, pursuant to the Amended Plan and Confirmation Order, all of the Debtors' asserts were transferred to the Reorganized Debtors.

### III. Retention of North Shores

9. On the Petition Date, the Debtors filed *Debtors' Application for Entry of Order Authorizing and Approving Employment of North Shores Consulting Inc. as Financial Advisor to Debtors, Nunc Pro Tunc to the Petition Date* [Dkt. No. 25] (the "Retention Application").

10. On March 29, 2016, this Court entered an order authorizing the Debtors' retention of North Shores [Dkt. No. 178] (the "Retention Order"), which authorized the Debtors to retain North Shores as their financial advisor, effective as of the Petition Date.

11. Pursuant to the Retention Order, North Shores was authorized to be compensated from the Debtors' estates and to be reimbursed from the Debtors' estates for its actual and necessary out-of-pocket expenses incurred in connection with the financial advisory services it provided to the Debtors in accordance with the procedures set forth in the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable order or procedures issued by this Court.

12. As disclosed in the *Declaration of Thomas L. Brod* (the "Brod Declaration"), attached as Exhibit B to the Retention Application, North Shores does not hold or represent an interest adverse to the Debtors or their estates and is a "disinterested person" as that term is defined in Bankruptcy Code § 101(14).

13. All of the services for which compensation is sought by North Shores were rendered for or on behalf of the Debtors solely in connection with these chapter 11 cases. There is no agreement or understanding between North Shores and any other person for the sharing of compensation to be received for the services rendered in these chapter 11 cases.

### IV. The North Shores Engagement

14. North Shores was retained by the Debtors as their financial advisor to provide the following financial advisory services:

a. Assisting in the development of a cash receipts and disbursements budget for the Debtors throughout the bankruptcy proceeding;

b. Assisting in dealing with the operating impact of the bankruptcy including communication with creditors, patients, vendors, and employees;

c. Assisting in negotiations with various creditor constituents regarding the Amended Plan;

d. Negotiation and review of any agreements relating to the use of cash collateral;

e. Advising the Debtors of their powers and duties as debtors-in-possession in the continued operation of their business and properties;

f. Utilizing employees and resources of North Shores in assisting in managing and developing the Debtors' finances;

g. Assisting in the implementation of reporting systems to collect the financial information required to be submitted on a periodic basis to the Bankruptcy Court;

h. Assisting in preparation of schedules, statements of financial affairs, and monthly operating reports;

i. Advising and directing the Debtors in connection with the bankruptcy process; and

j. Participating with the Debtors in preparing necessary documents, including compliance documents required in connection with any use of cash collateral.

### V. Disclosure of Requested Compensation

15. As part of this Final Fee Application, North Shores requests aggregate compensation for the Fee Period of $49,350.00 as compensation for financial advisory services provided to the Debtors and $3,107.43 for reimbursement of actual and necessary expenses, for a total request of $49,350.00. As of the Petition Date, North Shores held a retainer in the amount

{6091341:}                                          4

of $6,812.50 (the "Retainer").  North Shores has not drawn on the Retainer during these chapter 11 cases and has not received any compensation to date for its services in these chapter 11 cases.

16.     Thomas L. Brod, North Shore's Principal, was the sole North Shores professional who rendered services to the Debtors during the chapter 11 cases.  His standard hourly rate is $375, which rate is at a level designed to fairly compensate North Shores and to cover fixed and routine overhead expenses.  The hourly rate to be utilized by North Shores in these chapter 11 cases is equivalent to the hourly rate structure predominantly used by North Shores for bankruptcy, restructuring, insolvency, and comparable complex matters whether in court or otherwise, regardless of whether a fee application is required.

17.     North Shores maintains computerized records of the time expended in the performance of the professional services required by the Debtors.  For a detailed description of the services rendered and the expenses incurred by North Shores in its representation of the Debtors, see North Shores' time records, attached hereto as **Exhibit A**.

18.     North Shores did not agree to any variations from, or alternatives to, its standard or customary billing rates, fees, or terms for services pertaining to this engagement that were provided during the Fee Period.

VI.     **Requested Relief**

19.     By this Final Fee Application, North Shores respectfully seeks the entry of an order: (a) allowing North Shores an administrative claim in the amount of: (i) $49,350.00 as compensation for the reasonable and necessary financial advisory services North Shores rendered to the Debtors during the Fee Period, and (ii) $3,107.43 in reimbursement for the actual and necessary expenses that North Shores incurred during the Fee Period, for a total allowance of $49,350.00; (b) authorizing North Shores to draw down the Retainer in full; and (c) authorizing

and directing the Reorganized Debtors to immediately pay North Shores its unpaid fees and expenses in the amount of $45,644.93.

## VII. Summary of Services Rendered

20. During the Fee Period, North Shores rendered financial advisory services to the Debtors as requested and as necessary and appropriate in furtherance of the interests of the Debtors' estates. The variety and complexity of the issues in these chapter 11 cases, and the need to act or respond to such issues on an expedited basis in furtherance of the Debtors' needs, have required the expenditure of substantial time and effort by North Shores on an as-needed basis.

21. In accordance with the factors enumerated in section 330 of the Bankruptcy Code, allowance of the fees North Shores requests is fair and reasonable given: (a) the complexity of these chapter 11 cases; (b) the time expended; (c) the nature and extent of the services rendered; (d) the value of such services; and (e) the costs of comparable services other than in a case under the Bankruptcy Code.

22. The following summary of services rendered during the Fee Period is not intended to be a detailed description of the work performed, as those day-to-day services and the time expended in performing such services are fully set forth in **Exhibit A**. Rather, it is merely an attempt to highlight certain of those areas in which financial advisory servicers were rendered to the Debtors, as well as to identify some of the issues that North Shores was required to address during the Fee Period.

23.  Illinois Finance Authority

(Fees: $8,512.50; Hours: 22.70)

This Subject Matter includes time spent on all matters relating to obtaining approval by the Illinois Finance Authority (the "IFA") to issue the 2016 Bonds. The 2016 Bonds could not be issued without IFA approval and, therefore, such approval was a prerequisite for consummation of the transactions contemplated by the Amended Plan. North Shores spent a considerable amount of time assisting in the drafting and then revising the board summary report that was presented to the IFA in advance of seeking approving of the bonds. North Shores also represented the Debtors at the IFA Finance Committee meeting and the IFA Board meeting, where the Debtors ultimately obtained approval for issuance of the 2016 Bonds.

24.  Tax-Exempt Bonds

(Fees: $25,406.25; Hours: 67.75)

This Subject Matter includes time spent drafting and negotiating the 2016 Bond Documents, which provided the platform by which the Debtors successfully reorganized their business. North Shores spent considerable time communicating with the Debtors, its counsel, and counsel to the 2010 Bond Trustee and 2016 Bond Trustee to ensure the best possible terms for the Debtors in the 2016 Bond documents. In addition, North Shores worked closely with all interested parties to ensure that the transactions contemplated by the Amended Plan closed on or before April 1, 2016.

25.  Plan/Disclosure Statement

(Fees: $1,912.50; Hours: 5.10)

This Subject Matter includes time spent preparing the Amended Plan and the Plan Supplement, which was filed on March 15, 2016 [Dkt. No. 163]. More specifically, North

Shores negotiated certain of the terms of the documents included in the Plan Supplement on behalf of the Debtors. As set forth in the Amended Plan, all of the Debtors' general unsecured creditors received full repayment of their claims.

26. Cash Collateral

(Fees: $5,662.50; Hours: 15.10)

This Subject Matter includes time spent working with the Debtors to compile weekly budget-to-actual reports required pursuant to the terms of the final and interim cash collateral orders [Dkt. Nos. 88, 136].

27. Professional Retention

(Fees: $1,725.00; Hours: 4.60)

This Subject Matter describes time spent by North Shores assisting with the preparation of the Retention Application and attending to issues relating to obtaining entry of an order authorizing the retention and employment of North Shores.

28. Business Travel

(Fees: $6,131.25; Hours: 32.70)

This Subject Matter includes time spent traveling for the IFA board meeting and representing the Debtors at court hearings during these chapter 11 cases. The amounts presented for review and payment in this Final Fee Application reflect a voluntary reduction of one-half of the charges for non-working travel time.

**VIII. Actual and Necessary Expenses**

29. It is North Shores' policy to charge its clients in all areas of practice for identifiable out-of-pocket and non-overhead expenses incurred in connection with the client's case that would not have been incurred except for representation of that particular client. It is

also North Shores' policy to charge its clients only the amount actually incurred by North Shores in connection with such items. Examples of such expenses are mileage, transportation, airfare, meals, and lodging.

30. A summary of expenses by type, as well as a detailed itemization and description incurred by North Shores on the Debtors' behalf during the Fee Period, appears on **Exhibit B**. All of these disbursements comprise the requested sum for North Shores' out-of-pocket expenses, totaling $3,107.43.

## IX. North Shores' Requested Compensation and Reimbursement Should Be Allowed

31. The professional services rendered by North Shores required a high degree of professional competence and expertise so that the numerous issues requiring evaluation and determination by the Debtors could be addressed with skill and dispatch and have, therefore, required the expenditure of substantial time and effort. North Shores respectfully submits that the services rendered to the Debtors were performed efficiently, effectively, and economically, and the results benefited not only the Debtors, but also all parties in interest in these chapter 11 cases.

32. North Shores respectfully submits that the financial advisory services it provided to the Debtors during the Fee Period were actual and necessary and that the requested compensation represents a fair and reasonable amount that should be allowed in full. As an initial matter, the complexities of these chapter 11 cases required substantial outlays of time and effort by North Shores performing an array of services in connection with North Shores' representation of the Debtors.

33. All of the financial advisory services provided by North Shores were performed by Mr. Brod, who has broad expertise and a high level of skill. Additionally, North Shores

addressed all bankruptcy-related issues and performed each task as efficiently as possible given the time constraints and expedited nature of these chapter 11 cases.

34. Lastly, North Shores' rate structure was disclosed in the Retention Application and approved by the Court in the Retention Order. The rates North Shores charged in these chapter 11 cases were consistent with the rates North Shores charges to other clients in non-bankruptcy matters and are consistent with the rates of similarly situated firms. The compensation North Shores seeks is also customary and reasonable based upon customary compensation charged by comparably skilled practitioners outside of chapter 11.

35. With respect to expenses, this Final Fee Application contains a detailed list of expenses including the type and the amount. Further, North Shores does not seek reimbursement for overhead expenses because they are built into North Shores' hourly rate.

36. In summary, considering the complex issues involved in these chapter 11 cases and the value provided by North Shores' financial advisory services to the Debtors and the Debtors' estates as a whole, this Final Fee Application meets each of the statutory requirements of section 330 of the Bankruptcy Code and substantially complies in all respects with the procedures set forth in the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

**X.    Notice**

37. This Final Fee Application has been served on the following parties or, in lieu thereof, to their counsel, if known: (i) the United States Trustee for the Northern District of Illinois; (ii) the United States Attorney for the Northern District of Illinois; (iii) counsel for the 2010 Bond Trustee; (iv) the Debtors' secured creditors; (v) the Internal Revenue Service; (vi) the Illinois Department of Revenue; (vii) the United States Department of Health and Human Services; (viii) the Illinois Department of Human Services; (ix) the Illinois Finance Authority;

(x) the Centers for Medicare and Medicaid Services; (xi) the Illinois Department of Financial and Professional Regulation; (xii) the Illinois Department of Public Health; (xiii) the holders of the twenty largest unsecured claims against the Debtors; and (xiv) those who have formally appeared and requested service in these proceedings pursuant to Bankruptcy Rule 2002. Notice of the hearing on this Final Fee Application has been served on all creditors as required by Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the North Shores submits that no other or further notice need be given.

## XI. No Prior Request

38. No prior request for the relief sought in this Final Fee Application has been made to this or any other court.

[*Remainder of Page Intentionally Left Blank; Signature Page Follows*]

WHEREFORE, North Shores respectfully requests that the Court enter an order, substantially in the form attached hereto: (a) allowing and awarding compensation for professional services rendered during the Fee Period in the amount of $49,350.00 and for reimbursement of all actual and necessary expenses incurring by North Shores during the Fee Period in the amount of $3,107.43; (b) authorizing North Shores to draw down on the Retainer in full; (c) authorizing and directing the Reorganized Debtors to immediately pay North Shores the amount of $45,644.93; and (d) granting such further relief as is just and proper.

April 29, 2016  
Chicago, Illinois

Respectfully submitted,

By: /s/ Thomas L. Brod  
Thomas L. Brod  
NORTH SHORES CONSULTING INC.  
282 E. Sycamore Street  
Columbus, Ohio 43206  
Telephone: (443) 745-0687  
E-mail: tbrod@northshoresconsulting.com

FINANCIAL ADVISOR FOR DEBTORS AND DEBTORS IN POSSESSION

{6091341:}                                    12

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that a true and correct copy of this final fee application was served upon the parties listed on the service list set forth below via ECF, on April 29, 2016.

Dated: April 29, 2016                                        /s/  David A. Agay


## SERVICE LIST

The following is the list of parties who are currently on the list to receive email notice/service for this case:

- David A Agay – dagay@mcdonaldhopkins.com, mbrady@mcdonaldhopkins.com; mgupta@mcdonaldhopkins.com; bkfilings@mcdonaldhopkins.com
- Thomas V Askounis – taskounis@askounisdarcy.com
- Daniel S. Bleck – dbleck@mintz.com
- Jeffrey C Dan – jdan@craneheyman.com, gbalderas@craneheyman.com; dwelch@craneheyman.com; jmunoz@craneheyman.com
- Joshua A Gadharf – jgadharf@mcdonaldhopkins.com, mhdocket@mcdonaldhopkins.com
- Allison E Kahrnoff – akahrnoff@askounisdarcy.com
- Patrick S Layng – USTPRegion11.ES.ECF@usdoj.gov
- Michael W Ott – mott@schiffhardin.com, dgordon@schiffhardin.com
- Brian P Welch – bwelch@craneheyman.com, gbalderas@craneheyman.com
- David K Welch – dwelch@craneheyman.com, gbalderas@craneheyman.com; jdan@craneheyman.com

{6091341:}