**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TIMOTHY PLACE, NFP, *et al.*,[1] | ) | Case No. 16-01336 (JPC) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Hearing Date: June 28, 2016** |
| | ) | **Hearing Time: 10:00 a.m. (Central)** |

**NOTICE OF DEBTORS' MOTION FOR
FINAL DECREE CLOSING BANKRUPTCY CASES**

    **PLEASE TAKE NOTICE** that on **Tuesday, June 28, 2016 at 10:00 a.m. (prevailing Central Time)** or as soon thereafter as counsel may be heard, the above-captioned debtors and debtors in possession, shall appear before the Honorable Jacqueline P. Cox, in Courtroom 680 of the United States Bankruptcy Court for the Northern District of Illinois, 219 S. Dearborn Street, Chicago, Illinois 60604, or any other Judge sitting in her place or stead, and then and there present the **Debtors' Motion to for Final Decree Closing Bankruptcy Cases**, a copy of which is herewith served upon you.

June 7, 2016  
Chicago, Illinois

Respectfully submitted,

/s/ David A. Agay
David A. Agay (ARDC No. 6244314)
Joshua A. Gadharf (ARDC No. 6296543)
McDONALD HOPKINS LLC
300 North LaSalle Street, Suite 2100
Chicago, Illinois 60654
Telephone: (312) 280-0111
Facsimile: (312) 280-8232
E-mail: dagay@mcdonaldhopkins.com
        jgadharf@mcdonaldhopkins.com

-and-

Shawn M. Riley (admitted *pro hac vice*)
Manju Gupta (admitted *pro hac vice*)

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Timothy Place, NFP (5089) and Christian Healthcare Foundation, NFP (2359).

{6161807:}   1

                McDONALD HOPKINS LLC
                600 Superior Avenue, E., Suite 2100
                Cleveland, OH 44114
                Telephone:  (216) 348-5400
                Facsimile:   (216) 348-5474
                E-mail:  sriley@mcdonaldhopkins.com
                        mgupta@mcdonaldhopkins.com

                COUNSEL FOR DEBTORS
                AND DEBTORS IN POSSESSION

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that true and correct copies of this notice and motion were served upon the parties listed on the service list set forth below via ECF on June 7, 2016.

By: /s/  David A. Agay

## SERVICE LIST

- David A Agay – dagay@mcdonaldhopkins.com, mbrady@mcdonaldhopkins.com; mgupta@mcdonaldhopkins.com; bkfilings@mcdonaldhopkins.com
- Thomas V Askounis – taskounis@askounisdarcy.com
- Daniel S. Bleck – dbleck@mintz.com
- Jeffrey C Dan – jdan@craneheyman.com, gbalderas@craneheyman.com; dwelch@craneheyman.com; jmunoz@craneheyman.com
- Joshua A Gadharf – jgadharf@mcdonaldhopkins.com, mhdocket@mcdonaldhopkins.com
- Allison E Kahrnoff – akahrnoff@askounisdarcy.com
- Patrick S Layng – USTPRegion11.ES.ECF@usdoj.gov
- Michael W Ott – mott@schiffhardin.com, dgordon@schiffhardin.com
- Brian P Welch – bwelch@craneheyman.com, gbalderas@craneheyman.com
- David K Welch – dwelch@craneheyman.com, gbalderas@craneheyman.com; jdan@craneheyman.com

{6161807:}                                    1

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| TIMOTHY PLACE, NFP, *et al.*,[2] | ) Case No. 16-01336 (JPC) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Hearing Date: June 28, 2016** |
| | ) **Hearing Time: 10:00 a.m. (Central)** |

**DEBTORS' MOTION FOR FINAL DECREE CLOSING BANKRUPTCY CASES**

Timothy Place, NFP and Christian Healthcare Foundation, NFP (together, the "Debtors"), as debtors and debtors in possession in the above-captioned chapter 11 cases, hereby seek entry of a final decree by the Court closing the above-captioned bankruptcy cases pursuant to section 350(a) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3022 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"), and Rule 3022-1 of the Local Rules for the United States Bankruptcy Court for the Northern District of Illinois (the "Local Rules").  In support of this Motion, the Debtors state as follows:

**BACKGROUND**

1. The Debtors operate Park Place Park Place Christian Community of Elmhurst, located in Elmhurst, Illinois, which is a continuing care retirement community.  Park Place provides residents with independent living units, enriched housing and memory support services, comprehensive licensed skilled nursing care, and related health, social, and quality of life programs and services.  A more detailed description of the Debtors' business and capital

---

[2] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include:  Timothy Place, NFP (5089) and Christian Healthcare Foundation, NFP (2359).

{6161807:}1

structure is contained in the *Declaration of William DeYoung in Support of the Chapter 11 Petitions and First Day Motions* [Dkt. No. 7], filed on January 17, 2016.

2. On January 17, 2016 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, commencing these chapter 11 cases. On the Petition Date, the Debtors filed the *Debtors' Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* [Dkt. No. 9], which was amended and superseded by the chapter 11 plan filed on February 18, 2016 [Dkt. No. 149] (the "Plan"). On the Petition Date, the Debtors also filed their *Disclosure Statement for Debtors' Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* [Dkt. No. 8], which was amended and superseded by the *Amended Disclosure Statement for Debtors' Amended Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* [Dkt. No. 148] on February 18, 2016 (the "Disclosure Statement").

3. On February 16, 2016, the Bankruptcy Court entered an order authorizing the Debtors to assume the Plan Support Agreement dated January 11, 2016 [Dkt. No. 143], which secured the requisite votes for confirmation of the Plan.

4. On February 23, 2016, the Bankruptcy Court entered an order [Dkt. No. 158], which, among other things, approved the Disclosure Statement, the proposed solicitation procedures, and the solicitation packages to be used by the Debtors in soliciting votes with respect to the Plan. The solicitation procedures Order fixed (i) February 23, 2016, as the voting record date; (ii) March 25, 2016, at 5:00 p.m., as the deadline to vote on, or to file objections to, the Plan; and (iii) March 29, 2016, at 10:00 a.m., as the date and time for the commencement of the hearing to consider confirmation of the Plan.

5. On February 24, 2016, the Debtors' Court-appointed noticing and claims agent, Globic Advisors, distributed the solicitation packages [Dkt. No. 162].

6.  On March 29, 2016, the Court entered its Order confirming the Plan [Dkt. No. 177] (the "Confirmation Order"). The Plan went effective on April 1, 2016 [Dkt. No. 180] (the Effective Date").

7.  On June 2, 2016, the Court entered its Orders authorizing payment of the professional fees in the case [Dkt. Nos. 191-92]. No other motions, contested matters, or adversary proceeding are pending before the Court.

8.  The Debtors have timely paid or will timely pay all quarterly fees owed to the U.S. Trustee when due.

## JURISDICTION AND VENUE

9.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of the bankruptcy cases and this Motion are proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## RELIEF REQUESTED AND BASIS FOR RELIEF

10.  The Debtors respectfully request that the Court enter an order closing the Debtors' bankruptcy cases, effective as of June 28, 2016.

11.  Pursuant to section 350(a) of the Bankruptcy Code, a bankruptcy court shall close a case "[a]fter an estate is fully administered and the court has discharged the trustee." 11 U.S.C. § 350(a). Additionally, Bankruptcy Rule 3022 provides: "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case."

12.  The Bankruptcy Code does not define "fully administered," but the Seventh Circuit has determined that the phrase means "the point when the estate reaches substantial consummation as defined by section 1101(2) of the bankruptcy code." *In re Wade*, 991 F.2d 402, 407 n.2 (7th Cir. 1992).

{6161807:}                                                3

13. Section 1101(2) of the Bankruptcy Code provides that:

"substantial consummation" means –

(A) transfer of all or substantially all of the property proposed by the plan to be transferred;

(B) assumption by the debtor or by the successor to the debtor under the plan of the business or of the management of all or substantially all of the property dealt with by the plan; and

(C) commencement of distribution under the plan.

11 U.S.C. § 1101(2).

14. Courts in this District have looked to the following factors in determining whether a case has been fully administered:

- whether the order confirming the plan has become final;

- whether deposits required by the plan have been distributed;

- whether the property proposed by the plan to be transferred has been transferred;

- whether the debtor or the successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan;

- whether payments under the plan have commenced; and

- whether all motions, contested matters, and adversary proceedings have been fully resolved.

See *In re Xpedior Inc.*, 354 B.R. 210, 219 (Bankr. N.D. Ill. 2006) (citing *Wade*, 991 F.2d at 407 n.2); *In re JMP-Newcor Int'l, Inc.* 225 B.R. 462, 465 n.2 (Bankr. N.D. Ill. 1998).

15. As of the date hereof, these chapter 11 cases has been fully administered within the meaning of section 350 of the Bankruptcy Code. For the following reasons, it is appropriate for the Court to enter a final decree closing the case:

    a.    The Confirmation Order is final and non-appealable;

    b.    The Debtors have emerged from chapter 11 as reorganized entities;

{6161807:}  4

  c. All payments under the Plan, other than those not due in the ordinary course of business, have been paid or reserved as of the Effective Date;

  d. All anticipated motions, contested matters, and adversary proceedings have been resolved;

  e. All transactions contemplated by the Plan closed on the Effective Date;

  f. The Plan is substantially consummated within the meaning of section 1101(2) of the Bankruptcy Code; and

  g. The Debtors have paid all outstanding U.S. Trustee fees and any final fees owed to the Office of the U.S. Trustee will be paid when due.

16. For all the reasons set forth above, and pursuant to section 350(a) of the Bankruptcy Code and Bankruptcy Rule 3022, there is ample justification for entry of a final decree closing this chapter 11 case.

### NOTICE AND REQUEST FOR WAIVER OF ADDITIONAL SERVICE REQUIREMENTS UNDER LOCAL RULE 3022-1

17. No trustee, examiner, or official committee has been appointed in these chapter 11 cases. Notice of this Motion has been served on the following parties or, in lieu thereof, to their counsel, if known: (i) the United States Trustee for the Northern District of Illinois; (ii) the United States Attorney for the Northern District of Illinois; (iii) counsel for the Bond Trustee; (iv) the Debtors' secured creditors; (v) the Internal Revenue Service; (vi) the Illinois Department of Revenue; (vii) the United States Department of Health and Human Services; (viii) the Illinois Department of Human Services; (ix) the Illinois Finance Authority; (x) the Centers for Medicare and Medicaid Services; (xi) the Illinois Department of Financial and Professional Regulation; (xii) the Illinois Department of Public Health; (xiii) the holders of the twenty largest unsecured claims against the Debtors; (xiv) those who have formally appeared and requested service in these proceedings pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the fact that all payments to unsecured creditors have been made in accordance

with the Plan, and the cost associated with serving all creditors, the Debtors submit that no other or further notice need be given and hereby request a waiver of Local Rule 3022-1's requirement to serve notice of this Motion on all of the Debtors' creditors.

WHEREFORE, the Debtors respectfully request that the Court (i) enter a final decree, substantially in the form attached hereto, closing the Debtors' chapter 11 cases; and (ii) granting any other further relief as the Court may deem proper.

June 7, 2016
Chicago, Illinois

Respectfully submitted,

/s/ David A. Agay
David A. Agay (ARDC No. 6244314)
Joshua A. Gadharf (ARDC No. 6296543)
McDONALD HOPKINS LLC
300 North LaSalle Street, Suite 2100
Chicago, Illinois 60654
Telephone: (312) 280-0111
Facsimile: (312) 280-8232
E-mail: dagay@mcdonaldhopkins.com
         jgadharf@mcdonaldhopkins.com

-and-

Shawn M. Riley (admitted *pro hac vice*)
Manju Gupta (admitted *pro hac vice*)
McDONALD HOPKINS LLC
600 Superior Avenue, E., Suite 2100
Cleveland, OH 44114
Telephone: (216) 348-5400
Facsimile: (216) 348-5474
E-mail: sriley@mcdonaldhopkins.com
         mgupta@mcdonaldhopkins.com

COUNSEL FOR DEBTORS
AND DEBTORS IN POSSESSION

{6161807:}